IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JAVARY TREYMAYNE TRIGG | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-1962-B-BD |
| FNU WIGINTON, ET AL. | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Javary Treymayne Trigg, appearing *pro se*, has filed a second motion for summary judgment in this *Bivens* action alleging use of excessive force by corrections officers at FCI Seagoville. As grounds for his motion, plaintiff contends that: (1) the evidence proves "beyond peradventure" the allegations of his complaint; (2) defendants have not met their burden of proof; and (3) defendants have defaulted by failing to answer his complaint within the time required by law. (*See* Plf. Mot. at 1).

The local rules of this court prohibit a party from filing more than one motion for summary judgment "[u]nless otherwise directed by the presiding judge, or permitted by law[.]" N.D.Tex. LCivR 56.2(b). Because plaintiff has already filed a motion for summary judgment,[1] he cannot file a second motion without permission. The court declines to entertain another summary judgment motion from plaintiff, at least until defendants have an opportunity to file a motion for summary judgment on their affirmative defenses of qualified immunity and failure to exhaust administrative

---

[1] On December 29, 2010, the magistrate judge recommended denying plaintiff's first motion for summary judgment. That recommendation is currently pending before the district judge.

remedies. That motion is due on or before February 28, 2011. If the court denies summary judgment on these defenses and the case proceeds, plaintiff may seek leave to file a second motion for summary judgment after the parties have an opportunity to conduct discovery.

## **RECOMMENDATION**

Plaintiff's second motion for summary judgment [Doc. #34] should be denied without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE