IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAVARY TREYMAYNE TRIGG, §
§
        Plaintiff, §
§
V. §     No. 3:10-cv-1962-B-BN
§
FREDDY WIGINTON, ET AL., §
§
        Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Freddy Wiginton and Kenny Dean seek summary judgment against Plaintiff Javaray T. Trigg on their affirmative defense of failure to exhaust administrative remedies. In their Second Motion for Summary Judgment, Defendants contend that Plaintiff, a federal inmate, failed to exhaust his administrative remedies before bringing this civil rights action. Defendant responds that he exhausted all administrative remedies that were available to him. The District Court has referred this case to the United States magistrate judge for pretrial management, including recommendation on dispositive motions. *See* Dkt. No. 26. The undersigned magistrate judge recommends that Defendant's Second Motion for Summary Judgment [Dkt. No. 69] be denied.

**Background**

This is a civil rights case brought by a federal inmate under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff is a former inmate at FCI Seagoville in Seagoville, Texas. Plaintiff alleges that Defendant Wiginton, a

Lieutenant at FCI Seagoville, and Defendant Dean, a Senior Officer at FCI Seagoville, violated his constitutional rights when they used excessive force against him during a confrontation on December 2, 2009. Plaintiff seeks damages for injuries he claims he suffered as a result of Defendants' use of excessive force and attorneys fees. Dkt. No. 65. Defendants deny the excessive force allegations and raise the affirmative defenses of qualified or good-faith immunity and failure to exhaust administrative remedies. Dkt. No. 66.

On August 17, 2012, Defendants filed their Second Motion for Summary Judgment in which they assert that Plaintiff's claims are barred as a matter of law because he failed to exhaust his administrative remedies. *See* Dkt. No. 69. In Response, Plaintiff argues that the Second Motion for Summary Judgment cannot be considered because it was filed without leave of court. *See* Dkt. No. 78. He also claims that prison officials thwarted his attempts to pursue his administrative remedies and that he exhausted all available administrative remedies. *See id.*

### Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the

nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

Where, as here, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Continental Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

### Alleged Violation of Local Civil Rule 56.2(b)

As a threshold matter, Plaintiff first asserts that Defendants' Second Motion for Summary Judgment should be struck because it was filed without leave of court. Dkt. No. 78, ¶ II.A. Plaintiff bases his argument on Local Civil Rule 56.2(b), which provides "[u]nless directed by the presiding judge . . . a party may file no more than one motion for summary judgment." N.D. TEX. L. CIV. R. 56(2)(b).

The Court determined that Defendants' affirmative defenses should be decided

on an expedited basis and ordered Defendants to file a motion for summary judgment. *See* Dkt. No. 29. Defendants subsequently filed their Motion for Summary Judgment as to Exhaustion, Qualified Immunity, and Failure to State a Cause of Action. *See* Dkt. No. 45. At that time, Plaintiff was representing himself *pro se*. After reviewing the parties' submissions on summary judgment, the Court appointed attorneys to represent Plaintiff. *See* Dkt. Nos. 57, 58. In the same order, the Court denied Defendants' Motion for Summary Judgment without prejudice, granted Plaintiff's request for appointment of counsel, and stated that "[a]fter counsel for plaintiff enters an appearance in the case, the court will give the attorneys an opportunity to confer on a proposed discovery plan and establish a new deadline for filing summary judgment motions." Dkt. No. 57. The Court subsequently entered a revised scheduling order setting a new deadline for the filing of dispositive motions. *See* Dkt. No. 62. Thereafter, Plaintiff's attorneys agreed to an extension of time to file Defendants' Second Motion for Summary Judgment. *See* Dkt. No. 67.

Because the Court directed Defendants to submit a motion for summary judgment addressing their affirmative defenses, appointed counsel to represent Plaintiff, in part, to respond to a motion for summary judgment, and subsequently entered new orders providing for the filing of dispositive motions, the Court concludes that Defendants' Second Motion for Summary Judgment was properly filed. *See Nejati v. Royal Indem. Co.*, No. 3:06-CV-1027-M, 2008 WL 483496, at *5 (N.D. Tex. Feb. 19, 2008) (rejecting objection based on similar alleged violation of Local Rule 56.2(a)).

<u>Alleged Failure to Exhaust Administrative Remedies</u>

In their motion, Defendants seek judgment as a matter of law in their favor on their defense of failure to exhaust administrative remedies. A prisoner's failure to exhaust administrative remedies is an affirmative defense that Defendants must plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, Defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion of administrative remedies to warrant summary judgment in their favor. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Prison Litigation Reform Act requires that an inmate exhaust all available administrative remedies before he may maintain a suit in federal court:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," including *Bivens* suits by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. *Dillon*, 596 F.3d at 266. While it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. § 1997(e), availability may sometimes turn on questions of fact. *Id.*

The Code of Federal Regulations provides inmates a three-tiered administrative

process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Prisoners have twenty days following the date of the event that is the basis for the request to file a formal Administrative Remedy Request (commonly known as BP-9). 28 C.F.R. § 542.14. If a prisoner is not satisfied with the Warden's response to his request, he may file an appeal to the Regional Director (commonly known as BP-10) within twenty days of the date on the response. 28 C.F.R. § 542.15. Prisoners may then appeal to the General Counsel within thirty days of the response from the Regional Director (commonly known as BP-11). *Id.* The Code of Federal Regulations provides that, "[w]hen the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.*

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to initiate the grievance process by filing a BP-9 with the warden. Dkt. No. 71, p. 107 of 138, ¶ 5. Instead, Plaintiff filed two BP-10s with the regional office. *Id*. Both of the BP-10s were filed as sensitive under a provision that allows an inmate to forgo filing a BP-9 if the inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." 28 C.F.R. § 542.14(d). The regional office rejected both BP-10s because it determined the issue was not sensitive and advised Plaintiff to "file a request or appeal at the appropriate level via regular procedures." Dkt. No. 71, pp. 107-08 of 138, ¶¶ 5, 6, 114 of 138, 116 of 138. Thereafter, Plaintiff made no further attempts to pursue his administrative remedies. Dkt. No. 71, p. 107 of 138, ¶ 6.

Plaintiff does not dispute that he failed to file a BP-9 and to follow up after his

BP-10s were rejected, but he claims those remedies were unavailable to him because prison officials failed to provide him with the appropriate forms and later threatened to retaliate against him if he continued to pursue his administrative remedies. Thus, Plaintiff argues that he exhausted all "available" administrative remedies.

The Fifth Circuit has recognized that there are circumstances in which administrative remedies may be personally unavailable to a particular prisoner and in which administrative remedies therefore will be deemed "unavailable" for purposes of Section 1997(e). *See Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003), *overruled by implication on other grounds by Jones*, 549 U.S. at 216. As a general matter, where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they can render that remedy "unavailable" to such an extent that a court will excuse the prisoner's failure to exhaust. *E.g.*, *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). More specifically, "[i]f the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner," *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003); *accord Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Abraham v. Costello*, 717 F. Supp. 2d 391, 395-96 (D. Del. 2010), and "prison officials' statements concerning administrative remedies can render such remedies unavailable," *Dillon*, 596 F.3d at 268. Likewise, administrative remedies are "unavailable" where a prisoner is reasonably deterred from utilizing the grievance procedure by threats from prison officials. *Turner v. Burnside*, 541 F.3d 1077, 1084-85 (11th Cir. 2008) (holding prison

official's threat to transfer inmate away from his family may be sufficient to render administrative remedies unavailable).

Defendants have not taken issue with any of these legal principles but instead challenge Plaintiff's summary judgment evidence on the basis that his declaration is based on unsupported claims. *See* Dkt. No. 79. An unsworn declaration is admissible if it includes a statement that the declaration is made "under penalty of perjury" and is verified as "true and correct." 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988). Moreover, sworn affidavits, particularly those that are detailed, specific, and based on personal knowledge are competent evidence to rebut a motion for summary judgment. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). The Court finds that even though Plaintiff's declaration is self-serving – as are most declarations, affidavits, and testimony, *see id.* – it meets the admissibility requirements and is detailed, specific, and based on personal knowledge. Therefore, it is competent summary judgment evidence, particularly in response to Defendants' motion seeking summary judgment on a defense on which they bear the burden of proof.

Defendants' cited authorities from the Fifth Circuit do not compel a different conclusion. Plaintiff's affidavit provides testimony that goes beyond the sort of conclusory statements of, for example, lack of knowledge that the Court of Appeals denigrated in the decisions on which Defendants rely. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005) (cited in Dkt. No. 79 at 5). And, unlike an affidavit simply asserting that debts were paid, which the Court of Appeals held was

insufficient in *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (cited in Dkt. No. 79 at 3), without any supporting documents of payments, it is unclear what evidence other than Plaintiff's own testimony that Defendants believe Plaintiff must submit in support of his claims that he was denied a BP-9 and that he was threatened by the Warden in order to defeat Defendants' motion for summary judgment on its own defense. *See* Dkt. No. 79 at 3.

In Plaintiff's Response to Defendant's Second Motion for Summary Judgment [Dkt. No. 78], Plaintiff asserts that immediately after the confrontation upon which his excessive force claim is based, Plaintiff was confined in the Special Housing Unit ("SHU") where he was unable to leave his cell. Dkt. No. 78-1, ¶ 7. Plaintiff asked the guards in the SHU for an inmate request form to seek informal resolution of the issue. Dkt. No. 78-1, ¶ 9. *See* 28 C.F.R. § 542.13(a) (providing for but not requiring informal resolution attempt). Those forms were available in the SHU, and the guards gave him one. Dkt. No. 78-1, ¶ 9. The next day Plaintiff gave the informal resolution form to his counselor. *Id.* at ¶ 10. He also attempted to give the counselor a hand-written statement about the incident, but the counselor refused to accept it. *Id.* Plaintiff asked his counselor for a BP-9 form. *Id.* at ¶ 11. Counselors have access to BP-9 forms, but guards in the SHU do not. *Id.* The counselor refused to give Plaintiff a BP-9 form. *Id.* Plaintiff also saw the warden in the SHU that day. He attempted to give her his hand-written statement, but she ignored him and refused to accept it. *Id.* at ¶ 12. He subsequently mailed copies of his handwritten statement to the warden, the associate

warden, and a lieutenant. *Id.* at ¶ 13. Sometime later, a different counselor who was not Plaintiff's counselor was in the SHU. She just happened to have a BP-10 form on her, which she gave to Plaintiff. *Id.* at ¶ 15. Plaintiff completed the BP-10 form and mailed it. *Id.*

About a month later, the warden told Plaintiff that she would release him from the SHU and threatened that she would have him transferred if she heard anything else from him about the alleged assault. *Id.* at ¶¶ 17, 19. Plaintiff's family lived near FCI Seagoville and visited him often. *Id.* at ¶¶ 4, 5. He was unwilling to risk being transferred far away from his family, so he did not ask for or submit anything else concerning administrative review. *Id.* at ¶ 20.

Defendants have not rebutted Plaintiff's testimony that prison officials failed to provide him with the necessary forms when he requested them and have not proven that his failure to pursue the administrative process to completion was not the result of threats of retaliation. Rather, for example, Defendants' response to Plaintiff's testimony that the warden threatened to transfer him consists only of pointing to the warden's conflicting deposition testimony. *See* Dkt. No. 79 at 5. The Court cannot resolve conflicting testimony in a movant's favor on a summary judgment motion. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 516 (5th Cir. 1999), *superseded by statute on other grounds as noted in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). Defendants' other responses based, for example, on the absence of any evidence that conflicts with Plaintiff's testimony and on possible inferences in

Defendants' favor that they suggest could be drawn from Plaintiff's testimony likewise undermine Defendants' effort to obtain judgment as a matter of law in their favor on a defense on which they, not Plaintiff, bear the burden of proof. *See* Dkt. No. 79 at 4-5. Draw all reasonable inferences in Plaintiff's favor, the Court concludes that Defendants have failed to meet their heavy burden to establish beyond peradventure all of the essential elements of their defense – that Plaintiff failed to exhaust all "available" administrative remedies – to warrant judgment as a matter of law in their favor. *See Dillon*, 596 F.3d at 266; *Continental Cas. Co.*, 2007 WL 2403656, at *10.

## Recommendation

The Court recommends that Defendants' Second Motion for Summary Judgment [Dkt. No. 69] should be DENIED.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court,

except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 2, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE