UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAVARY TREYMAYNE TRIGG, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:10-CV-1962-B-BN |
| § | |
| FREDDY WIGINTON and KENNY DEAN, § | |
| § | |
| Defendants. § | |

<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING THE FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Before the Court is Plaintiff Javary Treymayne Trigg's Objections to the United States Magistrate Judge's Findings, Conclusions, and Recommendations (doc. 104). As set forth below, Plaintiff's objections are **OVERRULED** in their entirety.

I.

BACKGROUND

This is a civil rights case by a former federal inmate brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that, while incarcerated at FCI Seagoville in December 2009, Defendants Wiginton and Dean used excessive force against him during a confrontation regarding a biscuit. On September 30, 2010, Plaintiff filed suit in this Court, seeking an award of attorneys' fees as well as damages for injuries suffered as a result of Defendants' alleged constitutional violations.

On August 17, 2012, Defendants filed their Second Motion for Summary Judgment (doc.

69), in which they asserted that Plaintiff's claims are barred as a matter of law because he failed to exhaust his administrative remedies.[1] Upon reference from this Court, Magistrate Judge David L. Horan ("Judge Horan") considered the motion and recommended its denial because questions of fact existed regarding Plaintiff's claims that prison officials thwarted his attempts to pursue administrative remedies. Doc. 81. The Court accepted Judge Horan's Findings, Conclusions, and Recommendations and denied the motion. Doc. 83. Judge Horan later held an evidentiary hearing on the affirmative defense of failure to exhaust administrative remedies. Docs. 92, 93, 94 (Hearing Transcript), & 95 (Redacted Hearing Transcript).

On October 31, 2013, Judge Horan entered his Findings, Conclusions, and Recommendation ("Findings and Recommendation"), in which he concluded that Plaintiff failed to properly exhaust the administrative remedies available to him. Doc. 100. Consequently, Judge Horan recommended that Plaintiff's case be dismissed with prejudice. *Id.*

On December 4, 2013, Plaintiff filed his Objections to Judge Horan's Findings and Recommendation (doc. 104). Following a motion for an extension of time to respond, Defendants filed their Response to Plaintiff's Objections (doc. 106) on January 3, 2014. The matter is now ripe for the Court's review.

## II.

## ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure provides that within fourteen days after

---

[1] Defendants filed their first Motion for Summary Judgment (doc. 45) on April 1, 2011. Magistrate Judge Jeff Kaplan denied the motion without prejudice as part of his order appointing Plaintiff counsel. Doc. 57.

being served a copy of the magistrate judge's recommendation, a party may file specific written objections. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004)(quoting 28 U.S.C. § 636(b)(1)).

Plaintiff has raised several objections to Judge Horan's Findings and Recommendation. In particular, Plaintiff takes issue with Judge Horan's finding that Plaintiff failed to properly exhaust his administrative remedies. Pl.'s Obj. 3. Plaintiff argues that prison officials' refusal to provide him with grievance forms made these remedies unavailable to him. *Id.* Plaintiff also objects to Judge Horan's references to testimony from a former inmate of FCI Seagoville, Malcolm Lincoln, that he advised Plaintiff to seek emergency relief by filing a BP-10 form without filing a BP-9 form. *Id.* at 6. Plaintiff next objects to Judge Horan's description of Warden Cruz's authority to transfer inmates for failing to discuss Warden Cruz's perceived authority within the prison. *Id.* at 7. Finally, Plaintiff objects to Judge Horan's recommendation that the Court dismiss this case with prejudice. *Id.* at 3. Plaintiff argues that dismissal is ordinarily without prejudice when defendants meet the burden of proof regarding failure to exhaust administrative remedies. *Id.* Further, dismissal of this case would incentivize prison officials to prevent inmates from accessing administrative remedies and thus make abuse of the prison grievance process inevitable. *Id.* at 6.

After reviewing all the relevant matters of record in this case in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that Judge Horan's Findings and Recommendation are correct. Plaintiff's argument that administrative remedies were unavailable to him hinges on his

"numerous efforts to obtain a BP-9," however there is a lack of evidence to support this statement. Pl.'s Obj. 4. Plaintiff testified that he asked Counselor Guzman for the form once, Counselor Guzman said "ok," Plaintiff inquired if he had brought the form about a week later, and Counselor Guzman said he had not. Tr. 111-12, 129. By his own admission, this was the extent of Plaintiff's efforts to obtain the BP-9.[2] *Id.* at 129. This hardly shows "numerous efforts" to get the document. Though Plaintiff points to the resistance he faced trying to give staff his BP-8 form and handwritten affidavit, this also does not evidence "numerous efforts" to obtain the BP-9 or, more importantly, the inaccessibility of the grievance form.

To be sure, a prison official's misconduct in connection with an inmate's attempt to exhaust administrative remedies may render them unavailable and thus preclude a defendant from raising the affirmative defense.[3] *See Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) (per curiam).

---

[2]

| | Q: | Okay. And so it's your testimony that the only counselor you asked for a BP-9 while you were in the SHU in December of 2009 through January 2010 was Guzman, and then you maybe asked him twice for the BP-9? |
|---|---|---|
| | A: | He's the only one that I asked. Again, I asked him the first time. And then the second time he came I asked him, did you bring it, and he said no. |

Tr. 129.

[3] This Court has ruled against defendants for such misconduct in several cases against the former warden of FCI Seagoville, David Berkobile. *See, e.g., Davis v. Berkobile*, No. 3:07-CV-0734-B, 2008 WL 2522502 (N.D. Tex. June 13, 2008). In those cases, however, the magistrate judge held an evidentiary hearing precisely on the issue of whether a prison counselor refused to accept BP-9 forms from inmates. *Davis*, 2008 WL 2522502, at *5. After testimony from eight inmates and three prison employees, the magistrate noted the case was close but nevertheless found by preponderance of evidence that the counselor had indeed departed from standard prison procedure by refusing to accept BP-9 forms from prisoners. *Id.* at * 7. In her recommendation, the magistrate judge noted the counselor's own testimony was inconsistent, and another witness had testified credibly that the counselor returned "defective" BP-9 forms and inmates complained about his refusal. *Id.* Judge Horan has made no such findings of misconduct or lack of credibility here, and the Court concurs that the evidence does not establish that administrative remedies were unavailable to Plaintiff. There is no evidence corroborating Plaintiff's account that Counselor Guzman refused him the form.

However, the evidence in this case simply does not support such a finding. It is disputed whether Plaintiff asked Counselor Guzman for the BP-9 and, if so, whether Counselor Guzman denied him the form. However, it is undisputed that other counselors in the Special Housing Unit besides Counselor Guzman would give inmates BP-9 forms, and that Plaintiff was aware of this. Trigg Dep. 64. It is also undisputed that Plaintiff never asked another counselor for the BP-9. *Id.* Instead, he asked a counselor for a BP-10 because he "felt like [he] had done everything [he] needed to do for a 9" by putting Warden Cruz on notice of the altercation with Defendants. Tr. 115-16. This does not show that Plaintiff was denied access to the BP-9. If anything it demonstrates that Plaintiff acted on the belief he did not need the form because he fulfilled its purpose. This was no doubt a mistaken view and, more importantly, did not relieve Plaintiff of the obligation to comply with the prison's grievance system. *See Castro v. Crawfoot*, 102 F. App'x 852, 854 (5th Cir. 2004) (per curiam).

Ultimately, the Supreme Court has stated that prisoners must exhaust all available remedies properly, meaning in compliance with deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). What's more, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint" and "have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 20120). Plaintiff here has argued that he was thwarted by prison officials from complying with the prison's grievance system, but the evidence before the Court, particularly Plaintiff's own testimony, suggests other. Accordingly, the Court **OVERRULES** Plaintiff's objection regarding Judge Horan's finding that Plaintiff failed to exhaust his administrative remedies.

---

Further, Plaintiff's testimony only indicated that Counselor Guzman agreed to provide the BP-9 and then failed to bring it about a week later. Tr. 111-12.

The Court similarly **OVERRULES** Plaintiff's objections regarding Judge Horan's characterization of witness testimony and Warden Cruz's authority to transfer prisoners. Judge Horan's summary of the record was accurate, and Plaintiff's objections, even if sustained, would not change this Court's analysis of Defendants' affirmative defense.

Finally, the Court **OVERRULES** Plaintiff's objection to the recommended dismissal with prejudice. Plaintiff relies on a Tenth Circuit case, *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009), for the proposition that "dismissal should ordinarily be without prejudice" when a plaintiff has failed to exhaust his administrative remedies. Pl.'s Obj. 3. However *Gallagher* relies on another Tenth Circuit case that notes:

> [f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit (in the event the administrative claim fails to afford the desired relief).

*Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139-40 (10th Cir. 2005) (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). In this case, Judge Horan correctly noted that Plaintiff's failure cannot be cured as the time for administrative remedies has expired. Accordingly, the Court agrees that the case should be dismissed with prejudice.

For the reasons stated above the Court **OVERRULES** Plaintiff's objections in their entirety and **ORDERS** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are **ACCEPTED**. Accordingly, this case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated: February 24, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE